THE PEOPLE, RESPONDENTS, *v.* R. J. BUGBEE ET AL.,
APPELLANTS.

CAPACITY TO SUE.—The people have the legal capacity to sue upon breaches of bonds given by defendants in criminal actions.

BOND—VARIANCE.—The fact that a name appears in the body of a bond that is not subscribed to it, or that some or all the names subscribed to such bond do not occur in the body of the same, does not in the least affect the liability of those who executed and delivered it.

ERASURES—INTERLINEATIONS.—Erasures and interlineations appearing in an obligation at the time of its signing can not in any manner affect the liability of the subscribing parties.

Bond.—Bond was executed and delivered into the custody of the clerk of the
court in which the defendant was to appear; the parties executing such
bond as sureties took and subscribed a justification on such bond which
was administered by the judge of the court, and was by him approved at
the time: *Held*, from the facts the court very properly found that the
signatures were genuine, and that the execution of such bond was suffi-
ciently proven.

Appeal from the second judicial district, Boise county.

*Rosborough & Preston*, for appellants, cited, on the ques-
tion of variance, 1 Greenl. Ev., sec. 66; *Lewis* v. *Myers*,
3 Cal. 476; *Gillham* v. *Gray*, 13 Ill. 705; 2 Greenl. Ev., sec.
11; and on the question of liability of sureties, *People* v.
*Buster*, 11 Cal. 215; 2 Pars. on Cont. 16, 17; *Miller* v.
*Stewart*, 9 Wheat. 680; 3 Pars. on Cont. 17; *Fourman* v.
*Faggott*, 3 Scam. (Ill.) 349.

*C. B. Waite*, district attorney, for the people.

Cummins, J., delivered the opinion of the court, Mc-
Bride, C. J., and Kelly, J., concurring.

The complaint in this suit is upon a bond given by the
defendants as security for the appearance of R. J. Bugbee
before the court, and that he would, at all times, hold him-
self subject and amenable to the orders of the same, and
alleging as a 'breach of such bond that the said Bugbee was
duly called on the thirty-first of July, 1865, to appear for
trial, but failed to appear, whereupon the bond was declared
forfeited by the court. To this complaint there were two
demurrers interposed by separate defendants, but based
substantially upon the same grounds.

One objection to the complaint raised by both demurrers
is that the plaintiffs named therein have not legal capacity
to sue or maintain an action in any court. The power or
right of the people to commence and maintain suits to re-
cover the penalty of forfeited recognizances of this charac-
ter, as also the proper construction to be given to, or the
effect of that part of the bond where it is declared that the
parties are liable for the sums set opposite their names
respectively, have been fully determined in the case of *The*

*People etc. for the use of Boise county* v. *Alfred Slocum et al.*, decided at this term. We will therefore do no more than simply. state that the people have the legal capacity to sue upon a breach of this character of bonds. They are the proper obligees of such bonds, and hence they are the beneficial party in whose name the suit ought to be prosecuted.

The only remaining point raised by the demurrer, which it is necessary for us to examine, is that the "complaint does not state facts sufficient to constitute a cause of action." On a careful examination of this declaration we see no material departure, in the statement of the grounds upon which this suit is based, from the provisions of section 39 of the civil practice act. The bond is declared upon according to its legal effect by a clear and concise statement of the conditions and the breach, and of all the other facts necessary to entitle the plaintiffs to recover. The parties liable under this bond, and who are properly made defendants in this action, are those persons subscribing their names to the same. The fact that a name appears in the body of a bond that is not subscribed to it, or that some or all of the names subscribed to such bond do not occur in the body of the same, does not in the least affect the liability of those who executed and delivered it.

Several other points were made on the argument under this clause of the demurrer, but which it is unnecessary to notice here.

The last point which it will be necessary for us to examine is the objection made by the defendants to the introduction of the bond sued upon. They urge against its introduction several reasons, the most material of which are: 1. That the "erasures and interlineations appearing on the face of the bond were not accounted for nor explained;" and, 2. "The execution of the bond was not shown or the signatures of the parties proven."

As to the first of these objections, it appears on an examination of that instrument that the name of "J. McGinley" is erased, which occurred in the body of the bond; and below all the other names, making the last name in the body of the same, as well as at the end, is interlined the name of

"H. T. Smith, eight hundred dollars." The former of these names is not subscribed to the bond nor to the justification, while the latter appears in both places. The testimony of the deputy clerk of the district court on the trial was to the effect that he was at the time of the execution of the bond, and had been ever since, deputy clerk of the district court, had had general custody of the same all the time, except a few days when it was in the hands of the district attorney, while he was preparing the complaint in the action. The deputy clerk further testifies that while it was so in his custody there were no erasures or interlineations made in it. And to the same effect is the evidence of the district attorney while the bond was in his possession. This, then, establishes the fact that this bond could not have been changed or altered in any respect at any time subsequent to its execution. Whatever erasures or interlineations were apparent on the face of that instrument were evidently made anterior to its execution. And certainly nothing of this kind which was in the obligation at the time of its signing could, in any manner, affect the liability of the subscribing parties. As appears from the testimony, the bond produced on the trial was the identical bond executed by the defendants.

The second objection, as above stated, went to the proof of the signatures of the parties. This bond was executed and delivered into the custody of the clerk of the court before whom the defendant, Bugbee, was to appear, on the fifteenth day of July, 1865. The parties subscribing it also take and subscribe a justification that " they are each worth the sums set opposite their names respectively in the foregoing bond." This oath was administered by the district judge, and the bond was approved by him at the same time. The bond was given for a purpose and under circumstances authorized by law. From these facts the court found, and very properly we think, that the signatures were genuine and that the execution of such bond was sufficiently proven. The bond was therefore properly admitted in evidence.

There were some other objections raised on the motion for a new trial and also on the argument in this court, but all either directly or indirectly arising upon the same

grounds upon which were based the objections we have already examined and determined. Hence, we have not thought it necessary to express an opinion upon these points.

The judgment of the court below was properly rendered against the defendants; but a clerical error seems to have occurred in the entry of such judgment in the records of the court. It should have been rendered jointly against all the defendants named in the action, that their joint property may be liable to execution; and severally against the defendants who were served with summons. The bond is made by express terms joint and several.

The judgment of the court below is affirmed, with instructions to amend the same as indicated in this opinion.